**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-23557-CIV-MARTINEZ**

ADOLFO BONILLA SOLORZANO,

      Petitioner,

v.

U.S. ATTORNEY GENERAL, *et al.*,

      Respondents.

_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner Adolfo Bonilla Solorzano's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), [ECF No. 1]. Petitioner challenges his immigration detention without having been afforded an individualized bond hearing. (*See generally* Pet.). In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (Order [ECF No. 3]). Respondents filed their Response on May 26, 2026 ("Response") [ECF No. 11]. The Court has considered the briefing, the record, and applicable law, and is otherwise fully advised. For the following reasons, the Petition is **GRANTED**.

Petitioner is a native and citizen of Honduras. (*See* Record of Deportable/Inadmissible Alien [ECF No. 11-1] 1). He entered the United States on August 1, 2006 at an unknown time and without inspection. (*See id.*). Petitioner was taken into immigration custody on January 29, 2026. (*See* Detention History [ECF No. 11-3]). Petitioner has not yet had a bond hearing and has filed this Writ of Habeas Corpus seeking relief. (*See generally* Pet.; Resp.).

The Eleventh Circuit was clear that "[t]he text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing IIRIRA, yield the conclusion that no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *Hernandez Alvarez v. Warden*, 175 F.4th 1258, 1262 (11th Cir. 2026).

Respondents do not contest that Petitioner should be provided a bond hearing before an immigration judge in light of the recent decision in *Hernandez Alvarez*, but they argue that the Court should deny the Petition because Petitioner has not exhausted his administrative remedies. (*See* Resp. 5–6). The Court finds that this argument is not properly asserted. Respondents state that "[g]enerally, a habeas petitioner must exhaust administrative remedies before seeking federal court intervention[,]" and they cite to *Romero v. Broward Transitional Ctr.*, No. 26-60405-CIV, 2026 WL 1053240 (S.D. Fla. Apr. 16, 2026). In *Romero*, however, as noted by Respondents, the court excused the petitioner's failure to exhaust administrative remedies on grounds of futility. 2026 WL 1053240, at *1 n.2 ("The government argues that Petitioner has not exhausted his remedies because he has not requested a custody redetermination (bond hearing). For purposes of this Petition, the Court *will excuse his failure to do so* on grounds of futility. . . ." (emphasis added)). The Court is also not persuaded by Respondents' citation to *Sims v. Warden, FCC Coleman-Medium*, No. 5:25-CV-674, 2026 WL 1077675 (M.D. Fla. Apr. 21, 2026) or *Bohorquez-Valencia v. Ripa*, No. 3:25-CV-1383, 2026 WL 662980 (M.D. Fla. Mar. 10, 2026), as these cases were decided before the Eleventh Circuit's decision in *Hernandez Alvarez*. In sum, Respondents provide no case law to support their argument that Petitioner must exhaust his administrative remedies and no argument as to why exhaustion would not be futile. (*See generally* Resp.). Absent any additional

support, the Court is not convinced that it must deny the Petition on the grounds that Petitioner has failed to exhaust administrative remedies.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.      The Petition **[ECF No. 1]**, is **GRANTED** in part to the extent that Petitioner requests a bond hearing.

2.      Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **August 11, 2026**.

3.      **On or before August 14, 2026**, Respondents shall file a Status Report informing the Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition.

4.      The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending compliance with this Order and until further Order of the Court.

5.      The Court retains jurisdiction to address matters that may arise with respect to the Petition or this Order.

**DONE AND ORDERED** in Miami, Florida, this 4 day of August 2026.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:     all counsel of record